*1225 OPINION.
Marquette:
The petitioner alleges that the Commissioner erred in computing the profits and losses from the sale of the several parcels of real estate involved in this appeal, in that he used as a basis therefor the cost of the real estate rather than the March 1, 1913, value thereof. The Commissioner admits, in his answer, that such profits and losses were computed on the basis of cost.
The evidence herein establishes to our satisfaction that the several parcels of real estate were acquired by the petitioner prior to March 1, 1913, and that they had, on that date, the values set forth in the findings of fact. There appears to be no dispute between the petitioner and the Commissioner as to the cost of the real estate or *1226 the amounts for which it was sold. On the sale of property acquired prior to March 1, 1913, profits should be computed by taking as a basis therefor the cost or March 1, 1913 value, whichever is higher, Goodrich v. Edwards, 255 U. S. 527; Walsh v. Brewster, 255 U. S. 536, and losses should be computed by taking as the basis therefor the cost or March 1, 1913, value, whichever is lower. United States v. Flannery, 268 U. S. 98; McCaughn v. Ludington, 268 U. S. 106. The profits or losses arising from the sale of the real estate in question should be computed on that basis.
The only other question for determination is whether or not the petitioner, in computing its net income for the year 1919, should be allowed to deduct, as a debt ascertained to be worthless and charged off within the taxable year, the amount of the Pilling note. We are of the opinion, upon consideration of the evidence presented, that we would not be justified in allowing the deduction. The testimony as to this point is conflicting and we are not satisfied that the note had any value whatever when it was assigned by Thompson to the corporation, or that the transaction between Thompson and the corporation was a bona fide transaction between parties dealing at arm’s length.
Judgment will be entered on 15 days' notice, under Rule 50.